

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00163-CR

_____


ROBERT GEORGE LIVELY, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 19950



Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

In 2004, Robert George Lively was convicted of theft by check in an amount more than $1,500.00 but less than $20,000.00, and was placed on community supervision for a period of five years. For the second time, the State moved to revoke Lively's community supervision based on failure to pay court costs, fines, and restitution.[1] The trial court revoked community supervision and imposed imprisonment of twenty-four months in a state jail facility after accepting Lively's plea of true to all allegations contained within the second motion to revoke. On appeal, Lively argues that he was denied the constitutional right to a speedy revocation hearing, that his plea of true was involuntary, and that the evidence was insufficient to support revocation. We will affirm.

## I.      Lively Failed to Preserve Issue of Speedy Revocation Hearing

Lively argues that his constitutional right to a speedy revocation hearing was violated because the motion to revoke was filed on July 22, 2009, the hearing was not ordered until July 14,

---

[1]The trial court had previously exercised its jurisdiction to continue Lively on community supervision after a hearing on the State's first motion to revoke filed on April 4, 2007. The State's second motion to revoke, filed on July 22, 2009, also copied an allegation from the first motion, namely that Lively failed to avoid the use of controlled substances on several occasions from February 2, 2006 until March 5, 2007. Because the trial court had previously decided to continue Lively on community supervision on this ground, it was without authority to later revoke community supervision upon the same ground. *Rogers v. State*, 640 S.W.2d 248 (Tex. Crim. App. [Panel Op.] 1981); *Rains v. State*, 678 S.W.2d 308 (Tex. App.—Fort Worth 1984, pet. ref'd). Instead, the court was required to base its decision to revoke, as it did, on allegations and proof of subsequent violations. Therefore, we do not address the parties' arguments with respect to the duplicative ground contained within the second motion to revoke.

2

2010,[2] and the hearing did not take place until August 27, 2010. Although Lively did not raise this issue below, he asks this Court to hold that he may raise his speedy trial claim for the first time on appeal. We decline to do so.

As we have held before, we again hold that claims involving the right to a speedy revocation hearing are "waived unless raised at or prior to trial." *Wade v. State*, 83 S.W.3d 835, 838 (Tex. App.—Texarkana 2002, no pet.); *Fuller v. State*, 224 S.W.3d 823, 826–27 (Tex. App.—Texarkana 2007, no pet.); *see* TEX. R. APP. P. 33.1. Because Lively did not raise this issue with the trial court, he has failed to preserve his speedy trial claim. Lively's first point of error is overruled.[3]

---

[2]The motion to revoke was filed on the day before the expiration of the five-year community supervision period, and a capias was issued on the same date. Lively was not apprehended until July 13, 2010.

[3]Although Lively did not cite any portion of the record suggesting error was preserved, the State excerpts the following statement made during closing argument:

> Your Honor, I have a couple of issues here. While Mr. Luttrell was testifying, I believe we have a due diligence issue in this matter. According to the testimony and the records here, during the time after the probation motion was filed, there was no active warrant. I think there is a due diligence issue in this case. I believe this case should be dismissed on that merit alone.

Lively was referring to Luke Luttrell's testimony that his case was transferred in April 2010 to a "Hugo probation parole" officer, "who failed to follow-up progress reports and case closure notice," "conducted a records check and found no active warrants." We do not interpret, and Lively does not argue, this excerpt constituted an assertion of a right to speedy trial. Rather, we believe this was an argument concerning the expiration date of Lively's community supervision. Although capias issued on July 22, 2009, the clerk's record did not contain a copy of the capias until July 2010, a few days after the sheriff's return documenting Lively's arrest. Because the community supervision officer's records check in April 2010, after capias had issued, revealed no outstanding warrants, we interpret this statement as a challenge to the date that capias was issued, and a suggestion that the trial court lacked jurisdiction.

**II.      Lively Failed to Preserve Issue of Voluntariness of Plea**

Lively cites the following in support of his challenge to the voluntariness of his plea:

> THE COURT:   All right, sir.   As to the allegations contained in the State's petition -- asking that I -- saying that you violated the terms and conditions of your community supervision, true or not?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:          They are true?
>
> THE DEFENDANT:  My fault.
>
> THE COURT:          Say true.
>
> THE DEFENDANT:  True, sir.

He claims "since Appellant was told what to say by the Court, his plea of true was not voluntary."

We decline to address this contention.  "As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion . . . ."  TEX. R. APP. P. 33.1(a)(1).   We have previously held that challenges to the voluntariness of a plea must be raised before the trial court to preserve the complaint for review on appeal.  *Sims v. State*, 326 S.W.3d 707, 713 (Tex. App.—Texarkana 2010, pet. struck) (citing *Mendez v. State*, 138 S.W.3d 334, 339, 350 (Tex. Crim. App. 2004)). Here, no complaint was made to the trial court that the plea was involuntary not only at the time of the revocation hearing, but no motion for new trial raised this issue.  This issue was never presented to the trial court to consider.

4

We note that prior to the exchange set forth above, Lively entered a written plea of true after receiving written admonishments. The trial court admitted the written plea, Lively stated that he had gone over it with his court-appointed counsel, understood the document, realized that it contained "a judicial confession in which you are confessing to violating the terms and conditions of your community supervision," and also understood the court's statement that the "confession will be the evidence that I can use to support my findings in this matter."

Because Lively failed to preserve a challenge to the voluntariness of his plea of true to the allegations in the State's second motion to revoke, we overrule this point of error.

## III. Sufficient Evidence Supported the Trial Court's Judgment

### A. Standard of Review

We will review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his or her community supervision. *Rickels*, 202 S.W.3d at 763–64; *T.R.S.*, 115 S.W.3d at 320. In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *T.R.S.*, 115 S.W.3d at 321. If a single ground for revocation is

5

supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321 (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)).

**B.      Statutory Changes to Texas Code of Criminal Procedure Article 42.12, Section 21(c)**

Lively does not dispute that he failed to pay court costs, restitution, or court-ordered fines. Instead, Lively complains that he was unable to pay. Inability to pay is addressed in the following statute:

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp. 2010).[4]

Whereas the State had the burden to prove by a preponderance of the evidence that Lively had the ability to pay court costs, the statute is now silent as to restitution and court-ordered fines. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c). By the omission of restitution and fines from

---

[4]The prior version of Article 42.12, Section 21(c) read: "In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, court costs, restitution, or reparations, the inability of the defendant to pay as ordered by the judge is an affirmative defense to revocation, which the defendant must prove by a preponderance of evidence." *See* Act of May 8, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3740 (amended 2007).

the statute, some Texas courts have held that it was the Legislature's intent that the State no longer carry the burden to prove a defendant's ability to pay restitution and fines. *See Sherwood v. State*, No. 10-09-00114-CR, 2010 WL 1611063, at \*1 (Tex. App.—Waco Apr. 21, 2010, pet. ref'd) (mem. op., not designated for publication) (holding "the State need only show that the defendant did not pay"); *Hood v. State*, No. 12-08-00366-CR, 2009 WL 4981459, at \*2 & n.1 (Tex. App.—Tyler Dec. 23, 2009, no pet.) (mem. op., not designated for publication) (Because "[t]he statute does not apply to restitution or reparations, as the previous statute did," "ability to pay restitution need not be proven when the state seeks to revoke a suspended sentence."); *Sierra v. State*, No. 03-08-00664, 2009 WL 2902706, at \*3 (Tex. App.—Austin Aug. 26, 2009, no pet.) (mem. op., not designated for publication) ("[T]he 2007 amendments also removed restitution from the class of payments covered by the statute. Consequently, Sierra's ability or inability to pay, while still relevant to the State's allegations of nonpayment of community supervision fees and court costs, is immaterial to the State's allegation regarding restitution.").[5]

However, the United States Supreme Court has held that "in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." *Bearden v. Georgia*, 461 U.S. 660, 672 (1983). The Court explained in *Bearden*:

---

[5]Although these unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

7

> If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Id.* at 672–73.[6]

In amending Section 21(c), the Legislature was mindful of *Bearden*. CRIMINAL JUSTICE COMM., BILL ANALYSIS, Tex. H.B. 312, 80th Leg., R.S. (2007) ("This bill conforms the statute to the requirements of the Due Process Clause as interpreted by the United States Supreme Court in *Bearden v. Georgia*."). While the removal of restitution and fees in the statute was not inadvertent, legislative history suggests the intent was not to impose strict liability for failure to pay restitution and fines. TEXAS HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS (Tex. H.B. 312, 80th Leg., R.S. (2007) ("CSHB 312 appropriately would continue to allow the state to revoke probation for non-payment of reparations and restitution. Code of Criminal Procedure,

---

[6]Although no constitutional argument was raised by Lively below, we look to *Bearden* for guidance in addressing Lively's challenges to sufficiency of the evidence.

art. 42.037[7] already requires the court to consider a defendant's finances in the decision to revoke probation based on non-payment of reparations and restitution. These are debts that defendants owe to victims, and their rights to receive these payments should not be impinged."); CRIMINAL JURISPRUDENCE COMM., BILL ANALYSIS, Tex. H.B. 312, 80th Leg., R.S. (2007); CRIMINAL JUSTICE COMM., BILL ANALYSIS, Tex. H.B. 312, 80th Leg., R.S. (2007) (acknowledging the amended statute "[r]equires the state, in a community supervision revocation hearing at which it is alleged only that the defendant failed to pay compensation paid to appointed counsel, community supervision fees, or court costs, but not restitution or reparations, to prove by a preponderance of evidence that the defendant was able to pay and did not pay as ordered by the judge."). In fact, after the *Sherwood*, *Sierra*, and *Hood* decisions, the Legislature has proposed to amend Section 21(c) to state:

---

[7]"If a defendant is placed on community supervision or is paroled or released on mandatory supervision, the court or the parole panel shall order the payment of restitution ordered under this article as a condition of community supervision, parole, or mandatory supervision. The court may revoke community supervision and the parole panel may revoke parole or mandatory supervision if the defendant fails to comply with the order. In determining whether to revoke community supervision, parole, or mandatory supervision, the court or parole panel shall consider: (1) the defendant's employment status; (2) the defendant's current and future earning ability; (3) the defendant's current and future financial resources; (4) the willfulness of the defendant's failure to pay; (5) any other special circumstances that may affect the defendant's ability to pay; and (6) the victim's financial resources or ability to pay expenses incurred by the victim as a result of the offense." TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (Vernon 2006).

9

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, [~~or~~] court costs, <u>or any other amount required to be paid as a condition of community supervision</u>, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

Tex. H.B. 921, 82nd Leg., R.S. (Introduced Jan. 26, 2011).

## C. Evidence of Willful Refusal to Pay

Under normal circumstances, Lively's plea of true to the allegations contained within the State's second motion to revoke would be sufficient to support the trial court's judgment. But the State's motion to revoke alleged only a failure to pay, without addressing willful refusal to pay or ability to pay; thus, the plea of true did not admit willful refusal to pay. The United States Supreme Court in *Bearden* has held that in order to revoke probation and impose imprisonment, it must be shown that the probationer willfully refused to pay or make sufficient bona fide efforts to do so. We will review the sufficiency of the evidence with this as the standard.[8]

Luttrell testified Lively had not "made any payment since November of 2007; the last time a motion to revoke was filed." To "wipe his accounts clean," Luttrell testified Lively owed $2,307.34. Lively testified he was a "Vietnam veteran" receiving pension in the amount of $985.00. He claimed that he was in an inpatient drug treatment program for eight months and did not have the ability to pay during that time. Upon graduating from the program, Lively worked as

---

[8]"Given the constitutional imperative that defendants may not be deprived of liberty due to poverty, it would seem appropriate to treat restitution in the same manner as court costs, despite the express removal of this term from the statute." 4 TEXAS CRIMINAL PRACTICE GUIDE § 82.06[9] (Matthew Bender 2010).

10

a staff member at the facility for two months. He left the program in December 2008. Lively "moved into Housing Authority location apartment." In support of an alternate measure, Lively stated he was a carpenter, had arranged for transportation, and was "almost positive" that he could "take care of [the] obligation." Lively was prepared to pay $370.59 with the money in his bank account and would continue to pay "$100 the first of every month."

In a community supervision revocation hearing, the trial court is the sole trier of fact and determines the credibility of the witnesses and the weight to be given their testimony. *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). The court may accept or reject any or all of the witness' testimony. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987). The trial court could have rejected Lively's testimony that he did not have the ability to pay, especially after his release from the inpatient drug treatment program. It was free to conclude that Lively's failure to pay restitution and court-ordered fines was willful, considering that he received $985.00 per month, lived in a low-income apartment provided at an affordable rate by the housing authority, and had paid $1,300.00 in exchange for dismissal of the State's first motion to revoke. Further, the trial court could have found that Lively failed to make sufficient bona fide efforts to acquire resources to pay because he was a carpenter, but had not yet sought employment in that field or elsewhere.

Reviewing the record as a whole, we conclude the greater weight of credible evidence created a reasonable belief that Lively willfully violated the court's order to pay restitution and

11

fines. Therefore, the trial court did not abuse its discretion in revoking Lively's community supervision. Because these grounds for revocation were supported by a preponderance of the evidence, we need not address Lively's complaint that the State failed to prove ability to pay with respect to court costs. *T.R.S.*, 115 S.W.3d at 321.

We overrule Lively's last point of error.

## IV. CONCLUSION

We affirm the trial court's judgment.

Jack Carter
Justice

Date Submitted: March 15, 2011
Date Decided: March 18, 2011

Publish