**Raimond Kevon GIPSON a/k/a Raimond Gipson, Appellant**

**v.**

**The STATE of Texas, Appellee.**

**No. 09–11–00032–CR.**

Court of Appeals of Texas, Beaumont.

Submitted on July 26, 2011.

Decided Aug. 10, 2011.

C. Haden Cribbs, Jr., C. Haden Cribbs, Jr., P.C., Beaumont, for Appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Crim. Dist. Atty., for State of Texas.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

This is an appeal from the trial court's revocation of community supervision. We reverse the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion.

A jury convicted appellant Raimond Kevon Gipson a/k/a Raimond Gipson of assault on a family member. The trial court assessed punishment at ten years of confinement, then suspended imposition of sentence, placed Gipson on community supervision for ten years, and assessed a fine of $500. The State subsequently filed a motion to revoke Gipson's community supervision. In its motion to revoke, the State alleged three violations of the community supervision order: (1) Gipson committed the offense of theft from a person, (2) Gipson failed to pay court-assessed fees and was in arrears, and (3) Gipson failed to avoid contact with the victim.

Gipson pleaded "true" to failing to pay court-assessed fees, but pleaded "not true" to the other allegations. The State did not introduce evidence at the revocation hearing concerning the two alleged violations to which Gipson pleaded "not true." The trial court found that Gipson violated the terms of the community supervision order, revoked Gipson's community supervision, and imposed a sentence of eight years of confinement. Gipson then filed this appeal, in which he contends that the trial court abused its discretion and committed constitutional error by revoking his community supervision based solely on his failure to pay court-assessed fees without evi-

dence demonstrating that he was able to pay but failed to do so.

## ISSUE ONE

 In his first issue, Gipson contends the trial court abused its discretion when it revoked his community supervision based only upon a finding that he had not paid his court-assessed fees without evidence that he was able to pay and did not do so. We interpret Gipson's issue as a challenge to the sufficiency of the evidence.

 The State must prove a violation of the terms of community supervision by a preponderance of the evidence. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim. App.2006). We view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984). A plea of true, standing alone, is sufficient to support revocation of community supervision. *Cole v. State*, 578 S.W.2d 127, 128 (Tex.Crim.App. [Panel Op.] 1979). Proof of a single violation of the terms of community supervision is sufficient to support revocation. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim. App.1980). We review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels*, 202 S.W.3d at 763–64. The trial court abuses its discretion only if its decision "was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992).

The allegation to which Gipson pleaded "true" stated that Gipson "has failed to pay court assessed fees as directed by the Court and as of November 29, 2010 was $1,589.00 in arrears, in violation of Condition (26) of Defendant's Community Supervision order." Condition 26 of the community supervision order required Gipson to "[p]ay the amounts shown in this order in the manner set out in this order[,]" and the order required Gipson to pay a fine of $500, supervision fees, court costs, a PSI fee, a Crime Stoppers fee of $50, and attorney's fees of $1,000. The trial court did not hear evidence at the hearing concerning Gipson's ability to pay or the reason for his failure to pay. The trial court simply accepted Gipson's plea of true, and when the victim was not present when called by the bailiff after a discussion concerning Gipson's alleged contact with the victim by committing a theft from her person, the trial court proceeded solely on the allegation of failure to pay court-assessed fees and revoked Gipson's community supervision.

Article 42.12, section 21(c) of the Code of Criminal Procedure provides as follows, in pertinent part:

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the [S]tate must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.

Tex.Code Crim. Proc. Ann. art. 42.12, § 21(c) (West Supp. 2010).[1] As our sister court in Texarkana has noted, the current

---

1. The prior version of Article 42.12, Section 21(c) reads as follows:

 In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, court costs,

 *restitution, or reparations*, the inability of the defendant to pay as ordered by the judge is an affirmative defense to revocation, which the defendant must prove by a preponderance of evidence.

 Act of May 8, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3740 (amended 2007) (emphasis added).

version of the statute is now silent as to court-ordered restitution and fines, and some courts have held that the Legislature intended that the State no longer carry the burden to prove a defendant's ability to pay restitution and fines. *Id.; Lively v. State*, 338 S.W.3d 140, 144 (Tex.App.-Texarkana 2011, no pet.) (citing *Sherwood v. State*, No. 10–09–00114–CR, 2010 WL 1611063, at *1 (Tex.App.-Waco Apr. 21, 2010, pet. ref'd) (mem. op.) (not designated for publication); *Hood v. State*, No. 12–08–00366–CR, 2009 WL 4981459, at *2 & n. 1 (Tex.App.-Tyler Dec. 23, 2009, no pet.) (mem. op.) (not designated for publication); *Sierra v. State*, No. 03–08–00664, 2009 WL 2902706, at *3 (Tex.App.-Austin Aug. 26, 2009, no pet.) (mem. op.) (not designated for publication)).

After discussing the holdings in *Sherwood, Hood*, and *Sierra*, the Texarkana court discussed the United States Supreme Court's holding that "in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." *Lively*, 338 S.W.3d at 144 (quoting *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983)).

> If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his

own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Bearden*, 461 U.S. at 672–73, 103 S.Ct. 2064.

The *Lively* court noted that the legislative history of the 2007 amendment of Article 42.12, section 21(c), indicates that the Legislature intended to conform the statute "to the requirements of the Due Process Clause as interpreted by the United States Supreme Court in *Bearden v. Georgia*." *Lively*, 338 S.W.3d at 145. "While the removal of restitution and fees in the statute was not inadvertent, legislative history suggests the intent was not to impose strict liability for failure to pay restitution and fines." *Id.* (citing TEXAS HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS (Tex. H.B. 312, 80th Leg., R.S. (2007)); CRIMINAL JURISPRUDENCE COMM., BILL ANALYSIS, Tex. H.B. 312, 80th Leg., R.S. (2007); CRIMINAL JUSTICE COMM., BILL ANALYSIS, Tex. H.B. 312, 80th Leg., R.S. (2007)). In construing a statute, we presume that "compliance with the constitutions of this state and the United States is intended[.]" Tex. Gov't Code Ann. § 311.021(1) (West 2005). Therefore, although the statute does not explicitly refer to restitution and fines, we join the Texarkana court and hold that *Bearden* requires that to revoke community supervision and impose imprisonment, "it must be shown that the probationer willfully refused to pay or make sufficient bona fide efforts to do so[,]" and "[w]e will review the sufficiency of the evidence with this as the standard." *Lively*, 338 S.W.3d at 146.

■ Although a plea of true is generally sufficient to support a judgment revoking community supervision, when the sole basis for revocation is failure to pay court-ordered fines and fees, there must be evidence of willful refusal to pay or failure to

make sufficient bona fide efforts to pay. *Id.; see also Bearden,* 461 U.S. at 672–73, 103 S.Ct. 2064; *Cole,* 578 S.W.2d at 128. As previously discussed, in the case at bar, no evidence was presented concerning whether Gipson willfully refused to pay or to make sufficient bona fide efforts to pay. Therefore, the trial court abused its discretion by revoking Gipson's community supervision based solely upon his plea of true to the allegation that he failed to pay court-assessed fees. *See id.; see also Lively,* 338 S.W.3d at 145–46. We sustain issue one. Accordingly, we reverse the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion.[2]

REVERSED AND REMANDED.

---

**2.** Because issue two, if sustained, would not result in greater relief, we need not address it.

*See* Tex.R.App. P. 47.1.