Opinion filed October 11,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00299-CR 

                                                    __________

 

                RECORO RODRIGUEZ
VELASQUEZ, SR., Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 82nd District Court

 

                                                             Falls
County, Texas

 

                                                       Trial
Court Cause No. 7363

 



 

M E M O R A N D
U M   O P I N I O N

 

Recoro Rodriguez Velasquez,
Sr.[1]
appeals from the judgment revoking his community supervision and adjudicating
his guilt.  Velasquez had previously pleaded guilty to the charge of bail
jumping and failure to appear, and while the trial court found the evidence
sufficient to support his plea, it deferred adjudicating guilt and placed him
on community supervision for ten years.  As a condition of supervised release,
Velasquez was ordered to pay restitution of $68,433 for past-due child support
by paying $571 each month.  Later, Velasquez filed a motion to modify the
minimum monthly payments because his monthly income was less than his monthly
restitution payment.  The trial court denied his request.  Just before the
ten-year term expired, the State moved to proceed to adjudicate his guilt
because “he has failed to pay restitution,” to which Velasquez pleaded not true
based on inability to pay.  After hearing testimony, the trial court revoked Velasquez’s
community supervision and adjudicated his guilt on the original count for bail
jumping and failure to appear.  The trial court assessed punishment at confinement
for five years, which it probated and required payment of the original
restitution as a condition of probation.  We reverse and remand.  

In his sole issue, Velasquez
argues that the trial court abused its discretion when it revoked his community
supervision because the evidence was insufficient to show that he had the
ability to pay.  Specifically, he argues that the trial court failed to
consider the statutory factors when making its determination.

We review a trial court’s
decision to revoke community supervision for abuse of discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v. State,
665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  Abuse of discretion occurs “only
when the trial judge’s decision was so clearly wrong as to lie outside that
zone within which reasonable persons might disagree.”  Cantu v. State,
842 S.W.2d 667, 682 (Tex. Crim. App. 1992).  

In a proceeding to adjudicate
guilt, the State has the burden to prove a violation of the conditions of
community supervision by a preponderance of the evidence.  Rickels, 202
S.W.3d at 763–64; Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993).  The trial court is the judge of a witness’s credibility and the weight
to be given the testimony, so we view the evidence in the light most favorable
to the trial court’s ruling.  Garrett v. State, 619 S.W.2d 172, 174
(Tex. Crim. App. 1981).

When a trial court determines
whether to revoke community supervision and adjudicate guilt on the sole ground
of failure to pay restitution—unlike other violations—it must investigate the
reasons for the failure.  Bearden v. Georgia, 461 U.S. 660, 668–69
(1983).  If the investigation reveals that the failure was intentional,
revocation and imprisonment may be appropriate; however, if the failure was not
the fault of the probationer, the court must determine whether alternatives are
available that would adequately meet the State’s interests.  Id.  The
Supreme Court advised that, “if the probationer has made all reasonable efforts
to pay the fine or restitution, and yet cannot do so through no fault of his
own, it is fundamentally unfair to revoke probation automatically without
considering whether adequate alternative methods of punishing the defendant are
available.”  Id.  “This lack of fault provides ‘a substantial reason
which justifies or mitigates the violation and makes revocation
inappropriate.’”  Id. at 669 (citing Gagnon v. Scarpelli, 411
U.S. 778, 790 (1973)).  Thus, although a plea of true is generally sufficient
to support a judgment that revokes community supervision, when the sole basis
is failure to pay restitution, there must be evidence that the probationer
willfully refused to pay or failed to make bona fide efforts to pay.  Id.
at 672–73; Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); Gipson
v. State, 347 S.W.3d 893, 896–97 (Tex. App.—Beaumont 2011, pet. granted); Lively
v. State, 338 S.W.3d 140, 144 (Tex. App.—Texarkana 2011, no pet.).

Once the State proves the
failure to pay by a preponderance of the evidence, the trial court must then
consider statutory factors when it determines whether to revoke community
supervision.  Tex. Code Crim. Proc. Ann.
art. 42.037(h) (West Supp. 2012).  As the Texarkana Court of Appeals has
noted, the legislative history of Article 42.037(h) shows that the factors
account for the constitutional protections outlined in Bearden that
require inquiry into the probationer’s ability to pay.  Lively, 338
S.W.3d at 145 (citing Criminal Justice Comm., Bill Analysis, Tex. H.B. 312,
80th Leg., R.S. (2007) (“This bill conforms the statute to the requirements of
the Due Process Clause as interpreted by the United States Supreme Court in Bearden
v. Georgia.”)).  Therefore, when a trial court hears evidence and weighs
the statutory factors in making its determination, the court satisfies the due
process protections.  

Velasquez admitted that he
failed to pay restitution as ordered by the court, but he pleaded not true
because of inability to pay.  After the State established the failure to pay, Velasquez
testified that he did not have the ability to pay and entered into evidence a
letter from the Social Security Administration in which the SSA confirmed his
income.  He also entered into evicence a letter from his physician in which the
physician confirmed his disability.  Additionally, he testified that he owned
no property or assets other than his home and that his ex-wife, who is the
recipient of the restitution, credited $36,000 toward the total amount of
restitution Velasquez owed.  Nonetheless, the trial court proceeded to
adjudicate his guilt on the original charge of bail jumping and failure to
appear.  In its judgment, the court stated that its “Grounds for Revocation” was
that Velasquez “pled true to all allegations as numbered in the State’s
Motion.”

While it is true that
Velasquez did not pay and did not contest this fact, before a court can revoke
community supervision and proceed to adjudicate solely for failure to pay
restitution, the court “shall consider” the factors outlined by the legislature
that inquire into the reasons for the failure to pay.  Article 42.037(h).  If
Velasquez had pleaded true to an allegation that he willfully failed to
pay restitution, his plea alone would support revocation, but he pleaded “not
true based [on] inability to pay.”  Without more, his plea alone is
insufficient to support revocation based solely on his failure to pay
restitution.  See Bearden, 461 U.S. at 672–73; Cole, 578 S.W.2d
at 128; see also Gipson, 347 S.W.3d at 895; Lively, 338
S.W.3d at 145–46.  Because the record shows that the trial court relied on the
plea alone and does not show that the trial court considered the statutory
factors and reason for failure to pay restitution, we conclude that the trial
court abused its discretion when it revoked Velasquez’s community supervision. 
Velasquez’s sole issue is sustained

We reverse the trial court’s judgment
and remand the cause for further proceedings consistent with this opinion.  

 

 

Jim R. Wright

                                                                                                Chief
Justice

October 11, 2012

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel[2]
consists of: Wright, C.J.,

McCall, J., and Hill.[3]

 

 









                [1]We note that the name of appellant in most of the
documents in the clerk’s record, including the judgment, is shown to be
“Recardo Rodriguez Velasquez, Sr.”  However, the indictment reflects his first
name to be “Recoro.” 





                [2]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[3]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.