**Opinion filed October 11, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00299-CR

_____

### RECORO RODRIGUEZ VELASQUEZ, SR., Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 82nd District Court**

**Falls County, Texas**

**Trial Court Cause No. 7363**

## M E M O R A N D U M   O P I N I O N

Recoro Rodriguez Velasquez, Sr.[1] appeals from the judgment revoking his community supervision and adjudicating his guilt. Velasquez had previously pleaded guilty to the charge of bail jumping and failure to appear, and while the trial court found the evidence sufficient to support his plea, it deferred adjudicating guilt and placed him on community supervision for ten years. As a condition of supervised release, Velasquez was ordered to pay restitution of $68,433 for past-due child support by paying $571 each month. Later, Velasquez filed a motion to

---

[1]We note that the name of appellant in most of the documents in the clerk's record, including the judgment, is shown to be "Recardo Rodriguez Velasquez, Sr." However, the indictment reflects his first name to be "Recoro."

modify the minimum monthly payments because his monthly income was less than his monthly restitution payment. The trial court denied his request. Just before the ten-year term expired, the State moved to proceed to adjudicate his guilt because "he has failed to pay restitution," to which Velasquez pleaded not true based on inability to pay. After hearing testimony, the trial court revoked Velasquez's community supervision and adjudicated his guilt on the original count for bail jumping and failure to appear. The trial court assessed punishment at confinement for five years, which it probated and required payment of the original restitution as a condition of probation. We reverse and remand.

In his sole issue, Velasquez argues that the trial court abused its discretion when it revoked his community supervision because the evidence was insufficient to show that he had the ability to pay. Specifically, he argues that the trial court failed to consider the statutory factors when making its determination.

We review a trial court's decision to revoke community supervision for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). Abuse of discretion occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

In a proceeding to adjudicate guilt, the State has the burden to prove a violation of the conditions of community supervision by a preponderance of the evidence. *Rickels*, 202 S.W.3d at 763–64; *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the judge of a witness's credibility and the weight to be given the testimony, so we view the evidence in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981).

When a trial court determines whether to revoke community supervision and adjudicate guilt on the sole ground of failure to pay restitution—unlike other violations—it must investigate the reasons for the failure. *Bearden v. Georgia*, 461 U.S. 660, 668–69 (1983). If the investigation reveals that the failure was intentional, revocation and imprisonment may be appropriate; however, if the failure was not the fault of the probationer, the court must determine whether alternatives are available that would adequately meet the State's interests. *Id.* The Supreme Court advised that, "if the probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke

2

probation automatically without considering whether adequate alternative methods of punishing the defendant are available." *Id.* "This lack of fault provides 'a substantial reason which justifies or mitigates the violation and makes revocation inappropriate.'" *Id.* at 669 (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). Thus, although a plea of true is generally sufficient to support a judgment that revokes community supervision, when the sole basis is failure to pay restitution, there must be evidence that the probationer willfully refused to pay or failed to make bona fide efforts to pay. *Id.* at 672–73; *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Gipson v. State*, 347 S.W.3d 893, 896–97 (Tex. App.—Beaumont 2011, pet. granted); *Lively v. State*, 338 S.W.3d 140, 144 (Tex. App.—Texarkana 2011, no pet.).

Once the State proves the failure to pay by a preponderance of the evidence, the trial court must then consider statutory factors when it determines whether to revoke community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.037(h) (West Supp. 2012). As the Texarkana Court of Appeals has noted, the legislative history of Article 42.037(h) shows that the factors account for the constitutional protections outlined in *Bearden* that require inquiry into the probationer's ability to pay. *Lively*, 338 S.W.3d at 145 (citing Criminal Justice Comm., Bill Analysis, Tex. H.B. 312, 80th Leg., R.S. (2007) ("This bill conforms the statute to the requirements of the Due Process Clause as interpreted by the United States Supreme Court in *Bearden v. Georgia*.")). Therefore, when a trial court hears evidence and weighs the statutory factors in making its determination, the court satisfies the due process protections.

Velasquez admitted that he failed to pay restitution as ordered by the court, but he pleaded not true because of inability to pay. After the State established the failure to pay, Velasquez testified that he did not have the ability to pay and entered into evidence a letter from the Social Security Administration in which the SSA confirmed his income. He also entered into evicence a letter from his physician in which the physician confirmed his disability. Additionally, he testified that he owned no property or assets other than his home and that his ex-wife, who is the recipient of the restitution, credited $36,000 toward the total amount of restitution Velasquez owed. Nonetheless, the trial court proceeded to adjudicate his guilt on the original charge of bail jumping and failure to appear. In its judgment, the court stated that its "Grounds for Revocation" was that Velasquez "pled true to all allegations as numbered in the State's Motion."

While it is true that Velasquez did not pay and did not contest this fact, before a court can revoke community supervision and proceed to adjudicate solely for failure to pay restitution, the court "shall consider" the factors outlined by the legislature that inquire into the reasons for the failure to pay. Article 42.037(h). If Velasquez had pleaded true to an allegation that he *willfully* failed to pay restitution, his plea alone would support revocation, but he pleaded "not true based [on] inability to pay." Without more, his plea alone is insufficient to support revocation based solely on his failure to pay restitution. *See Bearden*, 461 U.S. at 672–73; *Cole*, 578 S.W.2d at 128; *see also Gipson*, 347 S.W.3d at 895; *Lively*, 338 S.W.3d at 145–46. Because the record shows that the trial court relied on the plea alone and does not show that the trial court considered the statutory factors and reason for failure to pay restitution, we conclude that the trial court abused its discretion when it revoked Velasquez's community supervision. Velasquez's sole issue is sustained

We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.


JIM R. WRIGHT
CHIEF JUSTICE

October 11, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill.[3]

---

[2]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[3]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.