

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00211-CR

_____

RICKY TERRON WASHINGTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 18558

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Ricky Terron Washington originally pled guilty to the offense of delivery of a controlled substance of less than one gram in a drug-free zone in September 2001,[1] was sentenced to ten years' confinement, and placed on community supervision for a period of eight years. In May 2009, Washington's community supervision was revoked, and he was sentenced to seven years' confinement. In November 2009, Washington was granted "shock probation" and was placed on community supervision for a period of ten years. In April 2013, the State filed a motion to revoke community supervision, alleging that Washington had committed a subsequent offense, had failed to complete a drug and alcohol assessment, and had failed to complete a drug-offender education program.

In June 2013, the trial court revoked Washington's community supervision and sentenced him to seven years' incarceration. Washington, discontent with the trial court's judgment, raises a single point of error. He claims the trial court erred in permitting his spouse to testify about confidential communications over his objection, in violation of Rule 504 of the Texas Rules of Evidence. *See* TEX. R. EVID. 504. We affirm the trial court's judgment.

We review a revocation of community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Id*. at 763–64. The State meets its burden of proof when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition

[1]*See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.112, 481.134 (West 2010 & West Supp. 2013).

of his community supervision. *Id*. at 764. If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.).

In his sole issue, Washington complains of the trial court's decision to overrule his objection to a question asked of his wife, Lakisha, regarding his alleged theft of a television set from Walmart:

> Q. Did he tell you he stole the TV?
>
> A. No.
>
> Q. Did he tell you he ever --

Washington objected to this unfinished question on the basis of "spousal privileges." Without discussion, the trial court overruled the objection. The State then asked Lakisha if Washington told her that he never touched the television set. Lakisha responded that he did not tell her anything like that.

Washington contends that the trial court erred in overruling his "spousal privileges" objection. The State contends that any error in the trial court's ruling was harmless. The State further contends that the judgment revoking Washington's community supervision is supported by sufficient evidence.

The genesis of Washington's claim is Rule 504 of the Texas Rules of Evidence, providing that a person has a privilege during marriage and afterwards to refuse to disclose and to prevent another from disclosing a confidential communication made to the person's spouse

3

while they were married.  *See* TEX. R. EVID. 504(a)(2).  A communication is confidential if it is made privately by any person to the person's spouse and it is not intended for disclosure to any other person.  TEX. R. EVID. 504(a)(1).

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard.  *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001).  Here, Lakisha's response to the subject question was that no such communication took place.  We, therefore, have no basis to find error in the trial court's evidentiary ruling.  Even assuming the trial court erred in overruling Washington's objection, any such error would be harmless.[2] Beyond the challenged testimony, there was other evidence establishing that Washington violated the terms of his community supervision as alleged in the State's motion.

With respect to the shoplifting claim, Dustin Calhoun[3] testified that he observed Washington coming from the electronics section of Walmart with an Xbox and Xbox games that were not bagged.  As Washington (together with a friend) was coming out of the electronics section, Washington placed a thirty-two inch Emerson television set in the shopping cart as well. Calhoun observed Washington and his friend walk through the toy department and into the garden center.  Washington passed the register in the garden center and walked out the door.  He made no effort to stop at the register.  Calhoun watched Washington and his friend walk outside to their vehicle and transfer the items from the Walmart shopping cart into the car.  The items in

---

[2]Washington candidly acknowledges that the violation of an evidentiary rule, such as Rule 504, is not constitutional error.  When a nonconstitutional error is made during trial, it will be disregarded as harmless if the error did not affect the substantial rights of the defendant.  TEX. R. APP. P. 44.2(b); *see Coble v. State*, 330 S.W.3d 253, 280 (Tex. Crim. App. 2010).

[3]Calhoun is an asset protection manager for Walmart.

Washington's shopping cart were taken from Walmart without consent. Calhoun recorded the vehicle license plate number and called the police.

Steve McClain, an officer with the Paris Police Department, received the call of a shoplifting incident at Walmart. McClain drove to an address where Washington supposedly could be found and met Washington there. McClain confirmed that the license plate number on the car Washington was driving matched the plate number given to him by Calhoun. He observed Washington exit the vehicle and found a thirty-two inch Emerson television set described as having been shoplifted from Walmart in Washington's vehicle. Calhoun arrested Washington.

Luke Luttrell, a community supervision officer in Lamar County, testified that Washington violated at least two additional conditions of his community supervision. Washington was required to complete, as a part of his community supervision, a drug and alcohol assessment program. Washington failed to fulfill that condition of his community supervision. Likewise, Washington was required to complete a drug-offender education program as a part of his community supervision. Washington failed to complete that program as well. Each of these failures constitutes a violation of Washington's community supervision.

Sufficient grounds for a revocation order exist if any violation of community supervision is properly shown. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). Proof of any one of these violations would have justified the trial court's decision to revoke Washington's community supervision. *See id.* Therefore, even if the trial court erred in its ruling on

5

Washington's Rule 502 objection, Washington's substantial rights were not violated. The trial court did not abuse its discretion in revoking Washington's community supervision.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     February 27, 2014
Date Decided:       April 8, 2014

Do Not Publish