

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0377-13

**RAIMOND KEVON GIPSON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### JEFFERSON COUNTY

KELLER, P.J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. JOHNSON, J., filed a concurring opinion. ALCALA, J., filed a concurring opinion in which COCHRAN, J., joined.

On appellant's plea of true, the trial judge revoked appellant's community supervision for failing to pay his fine and various court-assessed fees. The court of appeals reversed on the basis that the State failed to satisfy its burden of showing, under § 21(c),[1] that appellant was able to pay.[2] In its petition for discretionary review, the State contends, *inter alia res*, that § 21(c) does not apply

---

[1] TEX. CODE CRIM. PROC. art. 42.12 § 21(c).

[2] *Gipson v. State*, 395 S.W.3d 910, 915 (Tex. App.–Beaumont 2013) (op. on remand); *Gipson v. State*, 347 S.W.3d 893, 896-97 (Tex. App.–Beaumont 2011) (op. on original submission).

to fines. We agree.

We construe a statute in accordance with its literal text unless the language of the statute is ambiguous or the plain meaning of the language leads to absurd results that the legislature could not have possibly intended.[3] § 21(c) provides in relevant part:

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the State must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge.[4]

The statute mentions certain types of fees and costs, but it makes no mention of fines. If the legislature had wanted fines to be covered by § 21(c), it could have easily included the word "fines" within the text.[5] Also, fines are different from fees and costs because fines are imposed as punishment, like incarceration, and are not remedial in any sense. By contrast, fees and costs serve a remedial function by compensating the State for various costs associated with the criminal justice system. It was not absurd for the legislature to distinguish between punitive and remedial monetary sanctions for the purpose of determining whether the State has the burden to show the defendant's ability to pay.

Because §21(c) does not apply to fines, the court of appeals erred in reversing on the basis that the State failed to prove appellant's ability to pay. We reverse the judgment of the court of

---

[3] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[4] Art. 42.12, § 21(c).

[5] *See also Bryant v. State*, 391 S.W.3d 86, 93 & n.7 (Tex. Crim. App. 2012) (contrasting trial court's discretion to revoke for failure to pay restitution with the "strict evidentiary requirements for revocations premised on non-payment of court costs, attorney compensation, and community-supervision fees" and observing that the term "restitution" had been removed from the provision that became § 21(c)).

appeals and affirm the judgment of the trial court.[6]

Delivered: April 16, 2014
Publish

---

[6]    Although the court of appeals had not addressed appellant's second issue (his constitutional claim) on original submission, *Gipson*, 347 S.W.3d at 897 n.2, it addressed the issue in its opinion on remand and held that the constitutional claim was not preserved. *Gipson*, 395 S.W.3d at 916. Consequently, there are no remaining issues to be addressed.