IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0377-13






RAIMOND KEVON GIPSON, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


JEFFERSON COUNTY





 Keller, P.J., delivered the opinion of the Court in which Meyers, Price,
Womack, Keasler, Hervey, Cochran, and Alcala, Jj., joined. Johnson, J., filed
a concurring opinion. Alcala, J., filed a concurring opinion in which Cochran, J.,
joined.


 On appellant's plea of true, the trial judge revoked appellant's community supervision for
failing to pay his fine and various court-assessed fees. The court of appeals reversed on the basis
that the State failed to satisfy its burden of showing, under § 21(c), (1) that appellant was able to pay. (2) 
In its petition for discretionary review, the State contends, inter alia res, that § 21(c) does not apply
to fines. We agree.

 We construe a statute in accordance with its literal text unless the language of the statute is
ambiguous or the plain meaning of the language leads to absurd results that the legislature could not
have possibly intended. (3) § 21(c) provides in relevant part:

In a community supervision revocation hearing at which it is alleged only that the
defendant violated the conditions of community supervision by failing to pay
compensation paid to appointed counsel, community supervision fees, or court costs,
the State must prove by a preponderance of the evidence that the defendant was able
to pay and did not pay as ordered by the judge. (4)


The statute mentions certain types of fees and costs, but it makes no mention of fines. If the
legislature had wanted fines to be covered by § 21(c), it could have easily included the word "fines"
within the text. (5) Also, fines are different from fees and costs because fines are imposed as
punishment, like incarceration, and are not remedial in any sense. By contrast, fees and costs serve
a remedial function by compensating the State for various costs associated with the criminal justice
system. It was not absurd for the legislature to distinguish between punitive and remedial monetary
sanctions for the purpose of determining whether the State has the burden to show the defendant's
ability to pay.

 Because §21(c) does not apply to fines, the court of appeals erred in reversing on the basis
that the State failed to prove appellant's ability to pay. We reverse the judgment of the court of
appeals and affirm the judgment of the trial court. (6)

Delivered: April 16, 2014

Publish 
1. Tex. Code Crim. Proc. art. 42.12 § 21(c).
2. Gipson v. State, 395 S.W.3d 910, 915 (Tex. App.-Beaumont 2013) (op. on remand);
Gipson v. State, 347 S.W.3d 893, 896-97 (Tex. App.-Beaumont 2011) (op. on original submission).
3. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).
4. Art. 42.12, § 21(c).
5. See also Bryant v. State, 391 S.W.3d 86, 93 & n.7 (Tex. Crim. App. 2012) (contrasting trial
court's discretion to revoke for failure to pay restitution with the "strict evidentiary requirements for
revocations premised on non-payment of court costs, attorney compensation, and
community-supervision fees" and observing that the term "restitution" had been removed from the
provision that became § 21(c)).
6. Although the court of appeals had not addressed appellant's second issue (his
constitutional claim) on original submission, Gipson, 347 S.W.3d at 897 n.2, it addressed the issue
in its opinion on remand and held that the constitutional claim was not preserved. Gipson, 395
S.W.3d at 916. Consequently, there are no remaining issues to be addressed.