

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00054-CR

---

BRANDON EUGENE WASHINGTON, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 102nd District Court
Red River County, Texas
Trial Court No. CR03394

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Brandon Eugene Washington pled guilty to aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Supp.). Pursuant to a plea bargain with the State, Washington also pled true to the State's punishment enhancement allegation, and the trial court placed him on deferred adjudication community supervision for ten years. After the trial court found that Washington violated the terms and conditions of his deferred adjudication community supervision by failing to successfully complete treatment at a substance abuse felony punishment facility (SAFPF), the trial court adjudicated Washington's guilt and sentenced him to thirty years' imprisonment.

On appeal, Washington argues that the evidence was insufficient to support the trial court's decision to adjudicate guilt. Because we find that the State proved Washington violated a term and condition of his community supervision by a preponderance of the evidence, we find no abuse of discretion in the trial court's decision to adjudicate guilt. As a result, we affirm the trial court's judgment.

## I.      Standard of Review

"We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion." *Hammack v. State*, 466 S.W.3d 302, 304 (Tex. App.—Texarkana 2015, no pet.); *see Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.)). "The trial court does not abuse its discretion if the order revoking community supervision is supported by a

preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his or her community supervision." *Lively*, 338 S.W.3d at 143 (citing *Rickels*, 202 S.W.3d at 763–64; *In re T.R.S.*, 115 S.W.3d at 320).

"In conducting our review, we view the evidence in the light most favorable to the trial court's ruling." *Id.* (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *In re T.R.S.*, 115 S.W.3d at 321).

## II.     The Evidence at the Adjudication Hearing

It is undisputed that Washington used drugs while on community supervision and that, as a result, the trial court modified the terms and conditions of his community supervision to include treatment at a SAFPF and successful completion of an aftercare program. It is also undisputed that Washington relapsed at the aftercare program and was sent to a "Relapse SAFPF Program." The State filed a motion to adjudicate Washington's guilt on the ground that Washington "was unsuccessfully discharged from the Relapse SAFPF Program and all Continuum of Care on February 11, 2025, due to [his] noncompliance with the program."[1] (Emphasis omitted).

---

[1] The State also alleged,

> Defendant failed to avoid the use of alcohol, marijuana, any dangerous drug, any prescription that is not prescribed to him, or any substance prohibited by the Texas Controlled Substances Act, in any form; to wit: Defendant submitted to a random drug test on January 24, 2025, at the Walker Sayle Unit. On January 31, 2025, the lab results from the test came back positive for K2 which resulted in Defendant receiving a Major case at that time.

(Emphasis omitted). The trial court did not find this allegation true, possibly because while it alleged a positive drug test, it did not specifically allege that Washington used the drug.

Washington's community supervision officer, Miranda Dean, testified at the adjudication hearing that, after Washington's community supervision was modified to include treatment at a SAFPF, Washington relapsed after testing positive for marihuana at a halfway house and was then placed in a relapse SAFPF. Dean testified that Washington "had a minor infraction" while in the program for having food in his dormitory and was ultimately discharged from the relapse SAFPF when he tested positive for K2.

Julia Hindman, the program director at the relapse SAFPF, testified that Washington failed a drug test on January 24, 2025, when he tested positive for K2 and was unsuccessfully discharged from the relapse SAFPF program. Hindman also testified that Washington had a minor rule infraction for failing to comply with the program rule prohibiting the possession of food in a dormitory.

Washington testified in his defense. While he admitted to the minor infraction for possessing food in his dormitory, Washington denied using K2.

After hearing the evidence, the trial court found the State's allegation true.

## III.    The Trial Court Did Not Abuse Its Discretion by Adjudicating Washington's Guilt

Here, both Dean and Hindman testified that Washington was discharged from the relapse SAFPF after a laboratory confirmed a positive drug test for K2. Even so, Washington argues that neither Dean nor Hindman "had any knowledge of the drug test administration, interpretation nor result," that "no certified lab report was admitted, no chain of custody was shown, and no scientific reliability was established," and that the testimony was hearsay. Yet,

4

Washington did not object to Dean's or Hindman's testimony. *See* TEX. R. APP. P. 33.1. As a result, their testimony was before the trial court to consider.[2]

Proof by a preponderance of the evidence as to any one of the alleged violations of the conditions of community supervision is sufficient to support a trial court's decision to revoke community supervision and adjudicate guilt. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). As the trier of fact, the trial court was free (1) to accept Dean's and Hindman's testimony that Washington was discharged from the relapse SAFPF after a positive drug test and (2) to reject Washington's testimony that he did not use K2. Simply put, Dean's and Hindman's testimony was sufficient to support the trial court's decision to adjudicate guilt because it allowed the trial court to form a reasonable belief that Washington "was unsuccessfully discharged from the Relapse SAFPF Program . . . on February 11, 2025, due to [his] noncompliance with the program." (Emphasis omitted); *see Bentley v. State*, No. 02-16-00241-CR, 2016 WL 7240684, at *3 (Tex. App.—Fort Worth Dec. 15, 2016, no pet.) (mem. op., not designated for publication) (finding that a probation officer's testimony that the defendant was unsuccessfully discharged from an aftercare program based on a positive drug test was sufficient to show that he violated the terms and conditions of his community supervision); *Foster v. State*, No. 10-07-00358-CR, 2010 WL 311429, at *2 (Tex. App.—Waco Jan. 27, 2010, no pet.) (mem. op., not designated for publication) (finding that community supervision officer's testimony that

---

[2]"In our determination" of whether there was sufficient evidence to adjudicate guilt, "we are 'permitted to consider all evidence in the trial-court record, whether admissible or inadmissible.'" *Cunningham v. State*, 673 S.W.3d 280, 286 (Tex. App.—Texarkana 2023, no pet.) (quoting *Velez v. State*, No. 01-13-00337-CR, 2014 WL 4783268, at *2 (Tex. App.—Houston [1st Dist.] Sept. 25, 2014, pet. ref'd) (mem. op., not designated for publication) (quoting *Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006))).

defendant had tested positive for drugs was sufficient circumstantial evidence to show the defendant consumed drugs after he was placed on community supervision).

Because we find the evidence sufficient to show, by a preponderance of the evidence, that Washington violated a term and condition of his deferred adjudication community supervision, we find no abuse of discretion in the trial court's decision to adjudicate Washington's guilt. As a result, we overrule Washington's point of error.

## IV.    Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:      October 27, 2025
Date Decided:        November 18, 2025

Do Not Publish