**Opinion filed December 15, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00145-CR

_____

## ROBERT BRYANT, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR25062**

### O P I N I O N

This court's former opinion and judgment dated September 29, 2011, are withdrawn, and this court's opinion and judgment dated December 15, 2011, are substituted therefor. The State's motion for rehearing is this same day denied.

Robert Bryant appeals from the revocation of his community supervision and adjudication of guilt. He had originally received two judgments, representing two counts, of deferred adjudication and community supervision for ten years in January 2000 after he pleaded guilty to the offense of misapplication of trust funds. Finding that Bryant had not paid restitution in full as originally ordered, the trial court revoked his community supervision and adjudicated

him guilty of the offense of misapplication of trust funds. The court assessed punishment at two years in the Texas Department of Criminal Justice, Institutional Division, but suspended the sentence and placed Bryant on community supervision for seven years. The trial court also ordered Bryant to pay the unpaid balance of the restitution previously ordered. Bryant urges in two issues that the trial court abused its discretion in revoking his community supervision because the State failed to meet its burden under Article 42.12, section 21(c) of the Texas Code of Criminal Procedure, TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (West Supp. 2011), and because the evidence was insufficient to support his revocation. We reverse and remand.

The original judgments deferring adjudication of guilt, dated January 13, 2000, stated that Bryant owed restitution in the amount of $197,663.64. As a condition of his community supervision, Bryant was ordered to "[p]ay restitution and/or reparation as stated on the first page of the Judgment." The first page of each judgment contained the full restitution amount and stated to whom it was owed. In connection with the payment of that restitution, Bryant was ordered as follows:

> **IT IS ORDERED** that the defendant shall separately pay the restitution and/or reparations ordered in equal monthly payments calculated by dividing the total amount of restitution and/or reparation by the months of community supervision remaining after the defendant is released from confinement, less six months, unless otherwise directed by the Midland County Community Supervision and Corrections Department. If the remaining period of community supervision is less than one year, the defendant shall pay the restitution and/or reparations ordered in equal monthly payments.

On November 13, 2009, approximately two months before the expiration of Bryant's period of community supervision, the State filed a Motion to Revoke Community Supervision and to Proceed with an Adjudication of Guilt. The motion alleged that Bryant violated the terms and conditions of his community supervision in that he "failed to pay to the Midland County Community Supervision and Corrections Department the fees assessed against [him] as directed as follows:" April 2000 – $450; May 2000 – $150; June 2000 – $150; July 2000 – $300; August 2000 – $300; September 2000 – $298; October 2000 – $298; and $300 for each month from November 2000 through October 2009 "for a total of $164,658.89 delinquent." Bryant pleaded "not true" to the allegations contained in the motion.

Appellate review of an order revoking community supervision is limited to abuse of the trial court's discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In

determining questions regarding the sufficiency of the evidence in cases involving the revocation of community supervision, the burden of proof is by a preponderance of the evidence, which means "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition" of his community supervision. *Id.* at 763–64.

Karrie Bragg testified that she is an adult probation officer with Midland County. Bragg indicated that, with respect to his general attitude while on community supervision, Bryant had been compliant and tried to complete all the requirements as ordered by the court. She said that his only problem with community supervision was the amount of restitution he was ordered to pay and his ability to pay. Bragg testified that Bryant's first payment was made in April 2000 and that his payments continued all the way through January 2010. Evidence was presented showing that, during his community supervision period, Bryant had paid a total of $35,497, which included fees, court costs, and $33,904.75 toward the amount of restitution he had been ordered to pay. Bryant had paid the full amount of fees and court costs that were owed. State's Exhibit No. 1 showed that, from April 2000 through October 2009, Bryant actually paid each of the amounts that were specifically alleged as unpaid in the State's motion to revoke and that Bryant also made three additional payments after October 2009, leaving a restitution balance of $163,758.89.

Bragg testified that a prior motion to revoke was dismissed after an agreement was made between Bryant and the Midland County Community Supervision and Corrections Department in which he agreed to make a minimum monthly payment of $300, as opposed to the original amount of almost $2,000 per month. This agreement was also shown by Defendant's Exhibit Nos. 12 and 13. The agreement reflects Bryant's understanding that he was still obligated by court order to pay the total amount originally ordered, in the amount of $198,126.89, before the end of his community supervision term on January 13, 2010.

Bryant testified that he has judgments against him in a total amount exceeding $400,000. He indicated that, during the years of his community supervision, he and his wife had little income and had declared bankruptcy. Bryant introduced documentary evidence supporting this testimony. He related that, at the time of the hearing on the motion for revocation, his only income was $2,700 per month, which included social security for him and his wife and a part-time job for his wife. He said that he had been paid $600 per month for teaching a class but that

he had not been able to teach it during the current term in light of the hearings on his revocation. He indicated that he would be able to continue teaching if he were not a convicted felon.

Bryant testified that his rent, car payment, and utilities totaled about $2,100. He said that he was not able to pay his bills in full every month but that he had made sure to pay the $300 per month to his community supervision department. When asked if he had tried to get a loan to pay off the amount he owed on restitution, he replied that he could not get a loan for $10.

Bryant, who had indicated that he was seventy-seven years of age, testified that he had a massive heart attack in 2002 and then suffered a mini-stroke in January 2010. He stated that, if he were to be continued on community supervision in the future, he could not continue making the $300 payments he had been making. He insisted that he had no assets he could sell in order to pay off his debts.

Bryant's contention in his two issues is that the trial court abused its discretion when it revoked his community supervision and adjudicated his guilt because the evidence did not establish that he failed to pay restitution as ordered and because, even if it had, the evidence showed that he was financially unable to comply with the condition and that the trial court could not constitutionally restrain him from his liberty based upon the inability to pay. In the original judgment placing him on deferred adjudication, Bryant was ordered to pay restitution in a monthly amount that would have paid for all the restitution within the ten-year period of his community supervision. Early during his time of community supervision, Bryant agreed with the Midland County Community Supervision and Corrections Department that he would pay $300 per month toward restitution. His agreement with the department reflected that he was still ordered to pay the full amount before the end of his community supervision term. The hearing on revocation was held in April 2010, after the end of Bryant's community supervision term.

The evidence presented established that Bryant was ordered to pay restitution, as a condition of his community supervision, in the full amount of $197,663.64 and that, of that figure, he had paid a total of $33,904.75. Consequently, the evidence was sufficient to show that Bryant failed to comply with this condition of his community supervision.

Bryant contends that the evidence was insufficient because it showed that he paid the $300 per month in accordance with his agreement with the Midland County Community Supervision and Corrections Department. While the evidence did show that Bryant faithfully paid the $300 per month as ordered, the evidence also showed that he was ordered to pay the full

4

amount of restitution before the end of the term of his community supervision and that he failed to do so.

Bryant recognizes that Article 42.12, section 21(c) of the Texas Code of Criminal Procedure does not specifically require the State, in a community supervision revocation hearing involving the nonpayment of "restitution," as opposed to the nonpayment of fees or court costs, to prove by a preponderance of the evidence that the defendant was able to pay.[1] However, Bryant suggests that the State still has the burden of presenting such proof and that the revocation of his community supervision deprived him of his liberty due to poverty. He urges that the trial court could, therefore, not constitutionally revoke his community supervision and adjudicate his guilt on the underlying offense, sentencing him to a suspended prison term and community supervision. The United States Supreme Court has held that, in revocation proceedings for failure to pay a fine or restitution, if the probationer cannot pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment and may not imprison that probationer absent a showing that such alternative measures are not adequate to meet the State's interest in punishment and deterrence. *Bearden v. Georgia*, 461 U.S. 660, 673 (1983).

The trial court has not imprisoned Bryant as a result of his failure to pay. What it did was sentence him to two years imprisonment in the Texas Department of Criminal Justice, Institutional Division, with the sentence suspended and Bryant placed on community supervision for seven years. As noted in the revocation judgment, the trial court determined to suspend the term of imprisonment and place Bryant on community supervision as an alternative to imprisonment because the best interest of Bryant and the public would be served by doing so.

The opinion in *Bearden* implies that a State may punish someone in a revocation hearing who lacks the ability to pay a fine or restitution, assuming that the punishment does not involve imprisonment. We hold that the trial court, by suspending any imprisonment it imposed and

---

[1]Article 42.12, section 21(c) provides:

> In a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge. The court may order a community supervision and corrections department to obtain information pertaining to the factors listed under Article 42.037(h) of this code and include that information in the report required under Section 9(a) of this article or a separate report, as the court directs.

placing Bryant on community supervision, availed itself of an alternative measure of punishment other than imprisonment such as was discussed in *Bearden*. We find that Bryant's suggestion that the State, constitutionally, has the burden to show a defendant's ability to pay before there can be a revocation appears to be inconsistent with *Bearden*, which imposes limits on revocation punishment where the probationer lacks the ability to pay, but makes no suggestion that such a revocation is impermissible. We hold, therefore, that the trial court's action did not violate the Due Process Clause of the United States Constitution.

The Texas legislature, however, addresses the issue of restitution in Article 42.037 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.037 (West Supp. 2011). With respect to restitution as it relates to community supervision, Article 42.037(h) currently provides:

> If a defendant is placed on community supervision or is paroled or released on mandatory supervision, the court or the parole panel shall order the payment of restitution ordered under this article as a condition of community supervision, parole, or mandatory supervision. The court may revoke community supervision and the parole panel may revoke parole or mandatory supervision if the defendant fails to comply with the order. In determining whether to revoke community supervision, parole, or mandatory supervision, the court or parole panel shall consider:
>
> > (1) the defendant's employment status;
> >
> > (2) the defendant's current and future earning ability;
> >
> > (3) the defendant's current and future financial resources;
> >
> > (4) the willfulness of the defendant's failure to pay;
> >
> > (5) any other special circumstances that may affect the defendant's ability to pay; and
> >
> > (6) the victim's financial resources or ability to pay expenses incurred by the victim as a result of the offense.

Thus, even though the State may not have the burden under Article 42.12, section 21(c) to prove the probationer's ability to pay restitution, a trial court is required by Article 42.037(h) to consider the probationer's ability to pay before revoking community supervision based upon the failure to pay restitution.

The State contends in its motion for rehearing that Bryant did not preserve for appellate review any issue under Article 42.037(h) because he did not cite to that statute at trial or on appeal. We disagree. Bryant's contention throughout the adjudication hearing and on appeal has

been that he was unable to pay the court-ordered restitution. Although Bryant incorrectly asserted that the State, pursuant to Article 42.12, section 21(c), had the burden to prove that Bryant was able to pay the restitution, he asserted alternatively that he met his burden of proving that he was unable to pay. Bryant specifically asserted:

> Even if the affirmative defense of inability to pay applies and exists to this day solely in regards to the value of unpaid restitution, the Trial Court abused its discretion in finding that the Appellant violated the terms and conditions of his probation. Specifically, the undisputed evidence established that the Appellant did not have the ability to make the necessary payments to pay the whole restitution amount during his probation, and further establishes that the Appellant did in fact make the timely payment of $300.00 per month as was required of his contract with the Court. It is undisputed, that the Appellant did everything within his financial means to make the ordered payments . . . .

In its brief, the State addressed the issue of whether it had the burden to prove Bryant's ability to pay under the current version of Article 42.12, section 21(c), but the State did not address Bryant's alternative contention that he proved he was unable to make the restitution payments.

Bryant presented evidence at trial regarding his employment status, his earning ability, his financial resources, the willfulness of his failure to pay, and other circumstances regarding his payments and his ability to pay. These are items that a trial court "shall consider" in determining whether to revoke community supervision based upon the failure to pay restitution. Article 42.037(h). Though Bryant did not specifically cite Article 42.037(h), he presented evidence and has maintained throughout the proceedings that revocation was improper because he was unable to make the restitution payments. A party need not spout "magic words" or recite a specific statute to preserve an issue; straightforward communication in plain English letting the court know what he wants and why is sufficient. *See Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). Bryant did not waive this issue.

The State also asserts in its motion for rehearing that Article 42.037(h)(6) does not apply because it was added after the date that Bryant was ordered to pay restitution. We agree. We note that, at the time restitution was ordered in this case, Article 42.037(h) did not include subsection (6) and did not include the words "current and future" in subsections (2) and (3). As pointed out by the State in its motion for rehearing, these additions were made in 2005 and apply only to an order of restitution entered on or after September 1, 2005. Act of May 27, 2005, 79th Leg., R.S., ch. 969, §§ 1, 3, 2005 TEX. GEN. LAWS 3244. In this case, the trial court entered the restitution order in 2000.

Although the 2005 additions may not apply, the remainder of Article 42.037(h) does apply in this case, and the record indicates that the trial court failed to give appropriate consideration to the remaining five factors listed in Article 42.037(h). At the conclusion of the revocation hearing in this case, the trial court stated, "If it were fees owed to probation, there would not be a problem. But this is restitution to a victim. That's the Court's problem, that I can't waive." Nothing in the record reflects that Bryant willfully failed to pay or that he had the ability to pay more than the $300 per month that he faithfully paid every month for almost ten years. Consequently, we hold that the trial court abused its discretion in revoking Bryant's community supervision without giving due consideration to the factors that, pursuant to Article 42.037(h), it "shall consider." We sustain appellant's second issue.

The judgment revoking Bryant's community supervision and adjudicating his guilt is reversed, and the cause is remanded for further proceedings consistent with this opinion.


JOHN G. HILL
JUSTICE


December 15, 2011

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[2]

---

[2]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.