NO. 07-11-00431-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

AUGUST 22, 2012

_____

JOHNIE RAY THOMAS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 13,408-C; HONORABLE ANA ESTEVEZ, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant, Johnie Ray Thomas, appeals the decision of the trial court to adjudicate him guilty of the offense of credit card abuse.[1]  We affirm.

Factual and Procedural Background

Appellant entered into a plea bargain with the State on March 18, 2002.  In exchange for his plea of guilty to the indicted offense of credit card abuse, appellant was placed on deferred adjudication for five years and ordered, among other things, to

_____

[1] See TEX. PENAL CODE ANN. § 32.31(b)(1)(A) (West 2011).

pay restitution. At the time of entry of the plea, the total amount of restitution was not known to the State. Subsequently, on August 23, 2002, the trial court entered a supplemental order amending conditions of probation. The supplemental order provided that the total restitution ordered was $61,663.71. Additionally, the supplemental order extended appellant's probation for five years. Appellant indicated his agreement with the supplemental order by signing it.

The State filed its first motion to proceed with adjudication on March 11, 2003. This motion was dismissed on the State's motion. On August 16, 2005, the State filed its second motion to adjudicate. The State alleged that appellant had failed to pay supervision fees and restitution. The State and appellant then entered into another supplemental order which corrected the amount of restitution ordered. The corrected amount of restitution ordered was $48,124.71. Appellant was ordered to pay the restitution in monthly installments of $780.00. Again, appellant acknowledged the new terms and conditions by signing the second supplemental order.

On May 3, 2011, the State filed its third, and final, motion to adjudicate appellant guilty of credit card abuse. The allegations against appellant were that he failed to pay his supervision fees and failed to pay restitution. The trial court conducted a hearing on the State's motion to proceed on September 27, 2011. The trial court took the matter under advisement and, on October 10, 2011, granted the State's motion and adjudicated appellant guilty of credit card abuse. The trial court sentenced appellant to confinement in a State Jail Facility (SJF) for two years but suspended the confinement and placed appellant on community supervision probation for a period of five years.

The trial court ordered that the restitution previously ordered to be paid while appellant was on community supervision. The five-year community supervision was ordered to be served after appellant had completed his twelve-year sentence arising out of a different motion to proceed.

Through four issues, appellant complains that the trial court committed reversible error. First, appellant argues that he was denied due process because the amount of restitution was not set forth at the time of his original plea. Second, appellant appears to argue that the plea was involuntarily made because appellant did not know the amount of restitution to which he was agreeing. Third, appellant contends that the trial court was prejudiced against him and that this bias denied him a fair hearing. Finally, appellant contends that the State failed to overcome his contention that he did not pay the restitution because of an inability to pay. We disagree with appellant and will affirm the judgment of the trial court.

## Vagueness of Restitution and Involuntary Plea

In his first issue, appellant's brief appears to make three separate arguments; however, upon closer reading, appellant contends that the trial court's original community supervision order regarding restitution was vague and that, as a result of the vagueness, appellant's plea was involuntarily made. We will first address the question of whether the trial court's order was vague.

3

Standard of Review

We review a trial court's order regarding restitution under an abuse of discretion standard. See Cartwright v. State, 605 S.W.2d 287, 289 (Tex.Crim.App. 1980).

Vagueness of Restitution Order

The first part of appellant's first issue makes a global challenge to the restitution order as being vague. Our interpretation of appellant's issue is that he is challenging the appropriateness of the trial court's restitution order.

The Texas Code of Criminal Procedure provides that the trial court shall resolve any disputes as to the proper amount or type of restitution ordered. TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (West Supp. 2011);[2] Idowu v. State, 73 S.W.3d 918, 920 n.5 (Tex.Crim.App. 2002). This requirement leads to the conclusion that an appellant wishing to complain about the appropriateness of a trial court's restitution order must do so in the trial court and must do so explicitly. Idowu, 73 S.W.3d at 921.

The record before this Court demonstrates that the trial court explicitly admonished appellant that the total restitution figure was unknown on the date of the initial plea of guilty. In the discussion, the trial court advised appellant that the probation department would ascertain the total amount of restitution and, if appellant was not in agreement with the figure, a restitution hearing would be held. Subsequently, appellant's trial counsel again pointed out that there was no set restitution amount agreed upon at the time of the plea. Appellant acknowledged that fact on the record.

_____

[2] Further reference to the Texas Code of Criminal Procedure Annotated will be by reference to "art." or "article."

4

Subsequently, trial counsel reiterated that the agreement was to let the probation department come up with the restitution figure with the understanding that, if the amount did not seem correct to appellant, a restitution hearing could be conducted. Again, appellant agreed that was the arrangement. At a later date, the trial court entered a supplemental order amending the terms and conditions of community supervision that provided for the total amount of restitution ordered in this case. Again, appellant agreed to the amended order as evidenced by his signature on the amended order. Further, the record contains no request for a restitution hearing.

The issue of the appropriateness of restitution did not arise until after appellant's deferred offense was adjudicated. Appellant now attempts to assert that the vagueness of the term regarding restitution requires that this Court reverse the trial court's adjudication of appellant.

By waiting until the direct appeal of his adjudication appellant has failed to properly preserve the question regarding the vagueness of the restitution ordered by the trial court. See TEX. R. APP. P. 33.1; Idowu, 73 S.W.3d at 921.

Voluntariness of Plea

Within this first issue, appellant also contends that his plea was involuntarily made because he did not know what he was agreeing to regarding restitution. As demonstrated above, the record does not support appellant's contention. The trial court fully admonished appellant regarding the restitution requirement and provided appellant with an opportunity to request a hearing on restitution. The record supports the proposition that appellant entered his plea voluntarily. Further, appellant cannot wait

until direct appeal of his adjudication to raise the issue of the voluntariness of the plea. See TEX. R. APP. P. 33.1; Mendez v. State, 138 S.W.3d 334, 339 n.5 (Tex.Crim.App. 2004) (en banc).

Having addressed appellant's contentions within his first issue, we overrule the issue.

## Prejudgment of Case

By his next issue, appellant seems to complain that a notation on the docket sheet made by a visiting judge resulted in the trial court prejudging him at the adjudication hearing. The record reflects that, after appellant was originally placed on deferred adjudication community supervision, the State filed a motion to adjudicate appellant guilty in both the original credit card abuse case and in a sexual assault case for which appellant was also on deferred adjudication community supervision.[3]

Both cases were subject to a State's motion to adjudicate. The hearing was presided over by a visiting judge. When the trial court called the cases for trial, the State announced that the motion to adjudicate on the credit card case was being dismissed and appellant would be entering a plea of true to the allegations in the motion to adjudicate the sexual assault case. The trial court admonished appellant regarding the consequences of entering a plea of true, to which admonishments appellant stated he understood the consequences. The State then made its recommendation as to

---

[3] The appeal of appellant's final adjudication in the sexual assault case was the subject of this Court's opinion dismissing the appeal for want of jurisdiction. Thomas v. State, No. 07-11-00460, 2012 Tex. App. LEXIS 335, at *2 (Tex.App.—Amarillo Jan. 13, 2012, no pet.) (mem. op., not designated for publication.)

punishment to the trial court. After a lengthy discussion regarding the plea of true, the trial court accepted the plea of true. The trial court then advised appellant that any violation of the extension agreement would lead to a revocation of his community supervision. Further, the trial court stated that there would be "[z]ero tolerance" regarding any further violations of the terms and conditions of probation. The trial court then made a notation on the docket sheet that "[Appellant] warned that any future violations could result in full 20 year sentence. ZERO Tolerance." Appellant's community supervision was then extended.

At the hearing on the final motions to adjudicate appellant, the trial court was admonishing appellant on both cases and, while admonishing appellant regarding the motion to adjudicate appellant guilty of the sexual assault case, made the following comment, "And then after a motion was filed in 2006, it was noted: '[Appellant] was warned that any future violations could result in full 20-year sentence.'"

Based upon the forgoing portions of the record, appellant contends that his due process rights were violated because the trial court that adjudicated him guilty of the credit card abuse offense prejudged his case based upon what appellant terms as an "advisory opinion" issued by the visiting judge.

The record further reflects that, at the time the visiting judge made his comments and the notation on the docket sheet, appellant made no objection to the entry or the statement. Additionally, at the time of the hearing that resulted in his adjudication of guilt on the credit card abuse case, again appellant made no objection, nor did appellant request the trial court recuse or otherwise excuse itself from hearing this matter due to

7

any prejudice or bias against appellant. The matter was not mentioned again during the proceedings. Now, for the first time, appellant contends that the docket notation and the reading of the docket notation indicate that the trial court prejudged his case.

Preservation

Our law requires that in order to present a complaint for appellate review, the record must demonstrate that an objection be lodged or the trial court be otherwise informed about appellant's objection to the proceedings. See TEX. R. APP. P. 33.1. Failure to preserve a complaint pursuant to the Texas Rules of Appellate Procedure results in forfeiture of that complaint. Mendez, 138 S.W.3d at 341-42. Since there was no objection and the trial court was not otherwise informed, there is nothing preserved for appeal. Id. at 342.

Accordingly, appellant's issue is overruled.

Denial of Due Process-Sufficiency of the Evidence

By his final issue, appellant contends that he was denied due process of law when the trial court decided to adjudicate him guilty for failure to pay restitution. Appellant couches his contention in terms of the State's failure to rebut his affirmative defense of an inability to pay. However, the statutory reference that underpins appellant's argument is erroneous. Appellant cites the Court to article 42.12 section 21(c) for the proposition that once a probationer raises his inability to pay restitution, the burden then shifts to the State to prove that the failure to pay was intentional. See Act of May 8, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex. Gen. Laws 3586, 3740

8

(amended 2007). However, the current version of the statute provides that when the State's alleged grounds for revocation are failure to pay court-ordered fees, court costs or supervision fees, the State must prove by a preponderance of the evidence that the probationer had the ability to pay and did not pay as ordered by the trial court. See art. 42.12 § 21(c) (West Supp. 2011). It is noteworthy for purposes of our analysis that the amended statute does not include any reference to fines and restitution. We will analyze appellant's contention under the applicable version of the statute.

In reviewing the application of the current statute, some of our sister courts have applied what must be termed a strict liability approach to the application of the amended statute. See Sherwood v. State, No. 10-09-00114-CR, 2010 Tex. App. LEXIS 3010, at *3–4 (Tex.App.—Waco Apr. 21, 2010, pet. ref'd) (mem. op., not designated for publication), Hood v. State, No. 12-08-00366-CR, 2009 Tex. App. LEXIS 9695, at *4–5 (Tex.App.—Tyler Dec. 23, 2009, no pet.) (mem. op., not designated for publication), Sierra v. State, No. 03-08-00664-CR, 2009 Tex. App. LEXIS 7172, at *8–9 (Tex.App.—Austin Aug. 26, 2009, no pet.) (mem. op., not designated for publication.) Collectively, these cases have held that since the amended statute removed restitution from the statute, there was no burden on the State, other than to prove the payments were not made. See Sherwood, 2010 Tex. App. LEXIS 3010, at *3–4; Hood, 2009 Tex. App. LEXIS 9695, at *4–5; Sierra, 2009 Tex. App. LEXIS 7172, at *8–9.

Two other intermediate courts of appeals have reviewed this issue and concluded differently. First, the Texarkana Court reviewed the application of the amended statute in Lively v. State, 338 S.W.140 (Tex.App.—Texarkana 2011, no pet.).

9

In Lively, the court held that under the United States Supreme Court case of Bearden v. Georgia, 461 U.S. 660, 672, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the trial court must examine the reasons a probationer did not make the required payments. Id. at 144. Further, if the failure to pay was due to a willful refusal of the probationer to pay or a lack of bona fide effort to pay, then the trial court may revoke the probation. Id. The Lively court then reviewed the evidence before it, concluded that there was sufficient evidence that appellant willfully refused to pay, and therefore affirmed the trial court's decision to revoke the community supervision. Id. at 146.

The Eastland Court reviewed a revocation of community supervision in Bryant v. State, 355 S.W.3d 926 (Tex.App.—Eastland 2011, pet granted). In Bryant, the court held that because the trial court did not incarcerate the probationer and instead, converted the deferred adjudication into straight probation, that the trial court had met the requirements of Bearden by seeking an alternative punishment to incarceration. Id. at 931. However, the court in Bryant ultimately reversed the revocation because the trial court did not consider the factors listed in article 42.037(h) while considering the revocation of the appellant's probation. Id. at 932.

Standard of Review

When reviewing the adjudication of guilt on the original charge of an appellant under an order of deferred adjudication, the review process is the same as that for a revocation of community supervision. See Antwine v. State, 268 S.W.3d 634, 636 (Tex.App.—Eastland 2008, pet. ref'd). We review a trial court's decision to revoke a probationer's community supervision for abuse of discretion. Rickels v. State, 202

10

S.W.3d 759, 763 (Tex.Crim.App. 2006). In a proceeding to revoke community supervision, the burden of proof is on the State to show by a preponderance of the evidence that the defendant violated a term and condition of community supervision as alleged in the motion to revoke. See Cobb v. State, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993).

When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court. See Herald v. State, 67 S.W.3d 292, 293 (Tex.App.–Amarillo 2001, no pet.); Becker v. State, 33 S.W.3d 64, 66-67 (Tex.App.–El Paso 2000, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300 (Tex.App.–Waco 1996, pet. ref'd). In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the trial court's ruling. See Garrett v. State, 619 S.W.2d 172, 174 (Tex.Crim.App. 1981). The trial judge is the trier of fact and the arbiter of the credibility of the testimony during a hearing on a motion to adjudicate. See id.

Analysis

The evidence at the hearing on the motion to adjudicate clearly shows that appellant did not make the restitution payments as ordered. The issue of whether appellant's failure was deliberate or willful was the contested issue. Further, the record demonstrates that appellant filed nothing with the trial court prior to the motion to adjudicate indicating he needed relief from the court's order.

After hearing the evidence, the trial court adjudicated appellant guilty but did not order him incarcerated. Instead, the trial court sentenced appellant to two years in an

SJF, but suspended the imposition of the incarceration and placed appellant on probation for five years and ordered the balance of the restitution to be paid during that term of probation. In this Court's opinion, the trial court exercised the type of discretion referred to in Bearden. The trial court determined that there was an alternative form of punishment that was proper and not inadequate to meet the State's concerns and gave play to the burden the original restitution order had placed upon appellant. See Bearden, 461 U.S. at 672. Therefore, appellant was not denied due process of law. See id.

Likewise, we are of the opinion that the trial court considered the requirements set forth in article 42.037(h) in determining whether to adjudicate appellant. See Bryant, 335 S.W.3d at 932. This is demonstrated in the record by two things. First, the trial court heard considerable testimony about whether appellant's failure to pay restitution could be considered a willful act. Additionally, and in consideration of the evidence heard, after the conclusion of the testimonial phase of the hearing, the trial court took the matter under advisement for more than a week before announcing its final decision.

Accordingly, we find that the trial court did not abuse its discretion in adjudicating appellant guilty of credit card abuse. See Rickels, 202 S.W.3d at 763. Appellant's final issue is overruled.

Conclusion

Having overruled all of appellant's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Publish.