

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00164-CR

CHRISTOPHER NEAL MCGONIGAL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Red River County, Texas
Trial Court No. CR01907

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In its motion to have the guilt of Christopher Neal McGonigal adjudicated and his community supervision revoked, the State alleged only that McGonigal had violated a single condition of his community supervision, committing a crime in Kansas. The alleged Kansas offense was driving under the influence of alcohol or drugs.[1] The State's thin *documentary* evidence demonstrated only that, in Kansas, McGonigal was arrested and that he was informed of his rights relative to entering a plea to the charge against him. On the other hand, the *oral* testimony, also quite limited, provided legally sufficient evidence that he had committed the Kansas offense. We, therefore, affirm the trial court's judgment.

In the hearing on the State's motion to adjudicate McGonigal's guilt, the State introduced two pieces of documentary evidence relative to the Kansas offense, one, a booking document showing that McGonigal was arrested, and the other, a plea admonishment document showing that he was informed of his rights regarding entry of a plea. The only other hearing exhibit—a copy of a notice of appeal filed in Kansas on June 10, 2014, on McGonigal's behalf—was introduced by McGonigal. Beyond those documents, however, two bits of key oral testimony were admitted, without objection. Red River County Community Supervision Officer Miranda Dean testified that the Kansas offense "occurred on or about May 9, 2014." Alex Davidson, an investigator with the

---

[1]The State's motion to adjudicate alleged that McGonigal had violated the first term of his community supervision by "commit[ting] [an] offense against the laws of this or any State of the United States. . . ." The State alleged that he violated the term when he "committed the offense of Driving under Influence of Alcohol or Drugs on or about May 9, 2014 in Montgomery County, KS."

2

office of the prosecutor for Red River County, testified that McGonigal pled guilty to the Kansas offense, acknowledging that he had committed it.

We review the adjudication of guilt on the original charge of an appellant under deferred adjudication in the same way as a revocation of community supervision. TEX. CODE CRIM. PROC. ANN. art 42.12, § 5(b) (West Supp. 2014); *Thomas v. State*, 379 S.W.3d 436, 442 (Tex. App.— Amarillo 2012, no pet.); *see Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd). We therefore review a trial court's decision to adjudicate guilt for abuse of discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The burden of proof requires the State to show by a preponderance of the evidence that the defendant violated a term of community supervision as alleged in the motion to proceed to adjudication. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).

The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in proceeding to adjudication. *See Cardona*, 665 S.W.2d at 493–94; *Lawrence v. State*, 420 S.W.3d 329, 331 (Tex. App.—Fort Worth 2014, pet. ref'd).

Often, cases involving convictions from other states involve the use of penitentiary packets (pen packs) to show that the law of another state was broken, since bringing in witnesses from another state to independently prove up the criminal conduct would be somewhat prohibitive in cost and time. No pen pack or anything similar was presented here. In this case, there is no *direct,*

3

*first-hand* witness to any criminal conduct by McGonigal in Kansas, there is no judgment of conviction, and there is no order remanding him to prison. There is also no opinion disposing of an appeal. Of course, there is no requirement here that there be proof of a conviction; the allegation is committing a new offense, not being convicted of one. *See Armstrong v. State*, 472 S.W.2d 150 (Tex. Crim. App. 1971).

First, we examine the two documents the State claims show that McGonigal was guilty of committing an offense. State's Exhibit 1 is a document titled "Acknowledgment of Rights and Entry of Plea" in a case involving Christopher McGonigal, cause number 14 TR 27 I. It is certified by the Clerk of the District Court of Montgomery County, Kansas. It indicates that plea negotiations have been conducted as shown by a referenced plea agreement—said to be attached but which is neither attached nor part of this record. The document states that McGonigal would be pleading to a charge of "DUI 1st" and then provides a litany of rights being waived if he pleads guilty or nolo contendre. The document may fairly be said to warn McGonigal of what will occur if he pleads guilty or nolo contendre, including the rights he will lose, and it also attempts to obtain information from which the trial court can determine if his decision to plead was made voluntarily and without coercion.

The second document entered by the State was a faxed, uncertified, unverified document purporting to be an inmate booking sheet for Christopher McGonigal. It contains a photograph, personal identification information, and specifies that McGonigal was facing two charges: driving under the influence and driving left of the center line. It identifies the warrant number as 14TR27. There is no case number provided. Though one might speculate that the Kansas warrant number

4

is also the trial court number, it would be no more than speculation. We also note that the number does not fully match the number appearing on the State's first exhibit.

A third exhibit was entered by the defense. It is a notice of appeal filed in the Kansas Court of Appeals from a sentence entered in cause number 14 TR-27 I. The notice of appeal does not bear the same cause number as the documents introduced by the State. It is close, but not an exact match: an "I" has been added. If we assume that it is the same case, it shows that whatever conviction may be involved was not final because it was on appeal. Again, the violation here is committing another offense, not being finally convicted of another crime.

In order to prove by a preponderance of the evidence that McGonigal in fact committed an offense in Kansas, the State was obliged to submit legally sufficient evidence of that fact. We find in this record only the oral testimony referenced above that the Kansas offense "occurred," resulting in McGonigal's arrest, and that he pled guilty to the offense, acknowledging that he had committed the offense. While this method of proof is certainly not textbook, it is legally sufficient evidence of the commission of the Kansas offense and, thus, of the violation of a term of McGonigal's community supervision.

The State contends that the plea warning document demonstrates that McGonigal pled guilty to the Kansas offense. There is a problem with that claim, if it were to rest solely on the document itself. What is missing from the plea warning document is an actual plea. The document, despite its title, contains no language entering a plea, or stating that the defendant would enter a plea, or what his plea would be. This document shows that McGonigal was in negotiations with

5

the prosecutor and was warned about the results of a plea of guilty or nolo contendre. It does not expressly show that he was convicted of any crime or that he pled guilty.

The plea document is not without some worth to the State. While circumstantial, if one compares the plea warning document with the notice of appeal, it would suggest that McGonigal appealed from a conviction that occurred on the date he pled to the Kansas offense. It also is worth remembering that the plea document does not stand alone as evidence of the Kansas offense. The documentary evidence and the oral evidence, taken together, provide some evidence of the Kansas offense.

McGonigal objected at trial that the intake document was hearsay that was inadequately authenticated. The issue is thus preserved for our review. *See Long v. State*, 590 S.W.2d 138 (Tex. Crim. App. 1979). We review the trial court's decision to admit or exclude evidence under an abuse-of-discretion standard, and we will not disturb the trial court's ruling if it is within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 379–80, 391 (Tex. Crim. App. 1990) (op. on reh'g); *Clay v. State*, 390 S.W.3d 1, 13 (Tex. App.—Texarkana 2012, pet. ref'd). Such documents may be authenticated with a certification by their custodian that the contents are correct copies of the originals. TEX. R. EVID. 902(4); *Reed v. State*, 811 S.W.2d 582, 586 (Tex. Crim. App. 1991); *accord Sharp v. State*, 210 S.W.3d 835, 840 (Tex. App.—Amarillo 2006, no pet.); *Cuddy v. State*, 107 S.W.3d 92, 96 (Tex. App.—Texarkana 2003, no pet.) (holding same).

The intake document is not self-authenticated. Thus, we use the more expansive review provided by Rule 901(a) of the Texas Rules of Evidence to see if there is "sufficient evidence to

support a finding that the matter in question is what the proponent claims." *Smith v. State*, 401 S.W.3d 915, 917 (Tex. App.—Texarkana 2013, pet. ref'd). Under that proviso, examples are given that suggest that a public record or report is admissible if there is "evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement or data compilation in any form is from the public office where items of this nature are kept." TEX. R. EVID. 901(b)(7).

It would appear that the booking sheet was considered a copy of a public record. The question governing its admissibility as a public record is whether there was evidence that it was provided by a public office. There is testimony from a Red River County officer that he contacted a Kansas officer and asked them to fax this document to him and that he then received it. The quantum of evidence is minimal, but we are operating here under an abuse-of-discretion standard. It appears that the booking sheet was properly considered a public record.

McGonigal, though, argues that its hearsay nature should have kept it out of evidence. Certain public records, however, are not to be excluded based on their hearsay character. A record or report of a public office that sets forth "the activities of the office or agency" is among those records not subject to the hearsay rule. TEX. R. EVID. 803(8)(A); *see United States v. Haughton*, No. 06-20054, 2007 WL 2186250 (5th Cir. 2007) (not designated for publication). Again, though the use of this document is far from textbook, it appears to be properly admitted. We cannot find an abuse of discretion on this record.

It thus appears that both of the exhibits offered by the State were properly before the trial court. The contention of error is overruled.

7

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     March 3, 2015
Date Decided:       April 8, 2015

Do Not Publish