

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00400-CR

JOSHUA THOMAS BAREFIELD APPELLANT

V.

THE STATE OF TEXAS APPELLEE

On Appeal from the 106th District Court
Garza County Texas
Trial Court No. 17-2869 Honorable Reed Filley Presiding

April 23, 2020

## MEMORANDUM OPINION

Before QUINN C.J. and PIRTLE and DOSS JJ.

Appellant Joshua Thomas Barefield appeals from a judgment adjudicating his guilt for and convicting him of possessing marijuana in a drug-free-zone. His sole issue concerns the sufficiency of the evidence underlying the trial court's finding that he committed another offense against the laws of Texas. In so finding the trial court granted the State's motion to adjudicate appellant's guilt. Furthermore, the additional offense in question consisted of appellant evading arrest. We affirm.

The standard of review is that described in *Thomas v. State* 379 S.W.3d 436 442 (Tex. App.—Amarillo 2012 no pet.). We apply it here.

Next one of the conditions of appellant's initial deferred adjudication/community supervision consisted of the requirement to forgo committing an offense against the laws of Texas. Here the State accused him of committing the crime of evading arrest in its motion to adjudicate guilt. One commits that offense "if he intentionally flees from a person he knows is a peace officer . . . attempting lawfully to arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a) (West 2016).

Upon convening a hearing on the motion to adjudicate the trial court admitted evidence illustrating that: 1) appellant was in the company of two other males in a bar on 6th Street in Austin; 2) one of the two other males had a gun and offered to sell drugs to a bar employee an offer of which appellant apparently knew would occur; 3) the offer resulted in appellant and his compatriots being ejected from the facility; 4) police were called and told of the incident; 5) per a system of cameras located in the area the movements of appellant and his compatriots were tracked by the police; 6) one officer in full uniform eventually encountered the group walking in his direction; 7) the officer attempted to seize the member of the group who earlier offered to sell the drugs; 8) appellant saw this; 9) the officer also saw appellant and the other individual identified himself as an Austin policeman and ordered them to stop; 10) appellant and the remaining compatriot ran; and 11) appellant had cocaine on his person when this occurred. Appellant also admitted to hearing the officer yell "stop" and that his running away constituted a violation of the law. The foregoing is some evidence supporting the decision

made by the trial court that appellant evaded arrest.  Thus it did not abuse its discretion in finding that he committed another criminal offense and in adjudicating appellant's guilt.

We overrule appellant's issue and affirm the trial court's judgment.


Brian Quinn
Chief Justice


Do not publish.