# NO. 12-20-00253-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROGER ANTHONY HALEY,* <br> *APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Roger Anthony Haley appeals his conviction for third-degree felony driving while intoxicated following the revocation of his community supervision. In two issues, Appellant argues that his sentence amounted to cruel and unusual punishment and the evidence is insufficient to support the trial court's revocation of his community supervision. We affirm.

## BACKGROUND

Appellant was charged by indictment with third-degree felony driving while intoxicated.[1] Pursuant to a plea agreement, Appellant pleaded "guilty" to the charges and pleaded "true" to the enhancement allegations, which consisted of multiple prior convictions for driving while intoxicated. The trial court found Appellant "guilty" as charged and sentenced him to imprisonment for five years but suspended Appellant's sentence and placed him on community supervision for five years.

Subsequently, the State filed a motion to revoke Appellant's community supervision alleging that Appellant violated multiple terms and conditions thereof. The trial court conducted a hearing on the matter, at which Appellant pleaded "true" to the allegations that he (1) failed to participate in a community service restitution program for one hundred sixty hours at a minimum

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2020).

of ten hours per month and (2) failed to report to the Houston County Sheriff's Office to serve ten days in the Houston County Jail. Appellant pleaded "not true" to the remaining allegations. Following the hearing, the trial court found the two above-enumerated allegations and several other allegations in the State's motion to be "true." Thereafter, the trial court revoked Appellant's community supervision and sentenced him to imprisonment for five years. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his first issue, Appellant argues that the five-year sentence imposed by the trial court amounts to cruel and unusual punishment. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX R. APP. P. 33.1; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of third-degree felony driving while intoxicated, the punishment range for which is two to ten years. *See* TEX. PENAL CODE ANN. §§ 12.34(a) (West 2019), 49.04, 49.09(b)(2) (West Supp. 2020). Here, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three-part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L.Ed.2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offense committed by Appellant—third-degree felony driving while intoxicated—is more serious than the combination of offenses committed by the appellant in *Rummel*, while Appellant's five-year sentence is less severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the *Solem* test. Appellant's first issue is overruled.

3

## REVOCATION OF COMMUNITY SUPERVISION

In his second issue, Appellant argues that the evidence is insufficient to support the trial court's revocation of his community supervision.

We review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.–Texarkana 2011, no pet.); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.–Texarkana 2003, no pet.). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant violated a condition of his or her community supervision. *Rickels*, 202 S.W.3d at 763–64; *Lively*, 338 S.W.3d at 143. In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Lively*, 338 S.W.3d at 143. If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321. Furthermore, a plea of "true," standing alone, is sufficient to support a revocation of community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Parks v. State*, No. 10-08-00023-CR, 2009 WL 3645733, at *1 (Tex. App.–Waco Nov. 4, 2009, no pet.) (mem. op., not designated for publication). That is, when a plea of "true" is entered, the sufficiency of the evidence may not be challenged. *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Parks*, 2009 WL 3645733, at *1.

In the instant case, Appellant pleaded "true" to two of the allegations contained in the State's motion to revoke. These pleas of "true" were sufficient to support a revocation of Appellant's community supervision. *See Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128. Therefore, because Appellant pleaded "true" to at least one violation alleged in the State's motion, the trial court did not abuse its discretion in revoking his community supervision. *See Moses*, 590 S.W.2d at 470; *Cole*, 578 S.W.2d at 128; *Parks*, 2009 WL 3645733, at *1. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered June 30, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 30, 2021**

**NO. 12-20-00253-CR**

**ROGER ANTHONY HALEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Houston County, Texas (Tr.Ct.No. 18CR-055)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*